Case 1:13-cv-03446-KAM-MDG Document 8 Filed 08/21/13 Page 1 of 5 PageID #: 110



ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DERIC NELSON,　　　　　　　　　　　　CV-13-3446  KAM - MDG
　　　　　　　　　　　　　　　　　　　　Affidavit
　　　　　　　　　　Plaintiff　　　　　of Merits

　　　-against-

DAMIEM BROWN, et al.
　　　　　　　　　　Defendant.
_____x

Dear Judge Matsumo,

　　　This sworn **Affidavit of Merits** is served upon your Chambers in light of your recent ruling granting the defendant a 2nd extension to answer interrogatories of the plaintiff dated August 7, 2013. All the facts being presented in this **Affidavit of Merits** are true, and accurate to the best of my knowledge.

## CONSPIRACY AGAINST CIVIL RIGHTS ACTIONS

　　1.　A 2nd extension was granted to the defendant in regards to his answering interrogatories of the plaintiff dated August 7, 2013.

　　2.　In light of this recent extension, the plaintiff will use this opportunity to provide further proof that his initial claim on file with this Court is meritorious and evidence to support that Attorney negligence in fact take place while being represented by the defendant.

　　3.　The plaintiff asserts that at a recent proceeding held on August 7, 2013, that his new attorney John B. Stella Esq. stated on the record that the defendant Damien Brown, admitted to never once having the case files to Nelsons' case 0046-2010 at any time leading up to these matters before the Court.

　　4.　For the record the plaintiff has addressed the defendant on numerous occasions while he was his representation on how his rights to due process and equal protection was being violated by County of Kings officials.

　　5.　While before the **Supreme Court Of The State Of New York County Of Kings: Criminal Term on August 7, 2013** acting Judge Joel M. Goldberg addressed the plaintiff's attorney in regards to his knowledge if any of the where abouts of the case files, and whom may have the plaintiff's case file. Which Judge Goldberg suggested to supeona Dawn Florio for the case files a previous lawyer of Nelsons'.

　　6.　John B. Stella Esq. stated for the record that he contacted the offices of Damien Brown Esq. at which point he was told by the defendant's secretary that, Brown never saw or had the plaintiff's case file at anytime during his representation.

1

7. Deric Nelson was falsely arrested, assaulted, battered, handcuffed and humiliated by officers in connection to allegations of Grand Larceny (Supreme Court Of The **State of New York County of Kings: Criminal Term:** Part/Docket No.00046-2012).

8. Acting Judge Joel M. Goldberg stated on the record and for the record that it was totally unacceptable for the defendant to have accepted going to trial never having seen the plaintiff's case file at any point during his representation.

9. John B. Stella Esq. being the plaintiff's new representation was unable to proceed at the time after making numerous attempts to retrieve the plaintiff's case file from the defendant and openly admitted that in fact it was confirmed that the defendant never once ever reviewed his case file yet openly proceeded in an attempt to have a trial conducted without a jury of his peers totally in a conspiracy with his adversaries.

10. Dated April 18, 2013 a **"Constructive Notice to attorney Instructions for Representation for Deric Nelson"** was served to Attorney Damien Brown as a binding agreement on how to properly proceed in his defense (Exhibit C).

11. Damien Brown was an Attorney in the State of New York at the time of this incident and was contracted as a representative for the plaintiff.

12. The acting Judge Joel M. Goldberg further stated that if need be he would subpoena the defendant into the Court to explain how it was possible for him to have agreed to proceed having never once thoroughly inspected the plaintiff's case file and while never having the files in his possession.

13. The plaintiff also had witnesses present during the proceedings held on August 7, 2013 and also requested a copy of the court transcript at which point he was told that the he would not be able to obtain the transcript due to a public official going on a vacation, for at least 3 weeks.

14. The absolute conspiracy to bar the plaintiff from prosecuting the defendant by various officials in the State of New York while being held against his will and forced to proceed within the States jurisdiction is a total conflict of interest to the facts.

15. The Notice of Default supported a meritorious defense that could be applied within the State of New York and has not once been opposed in writing by the defendant.

16. The plaintiff asserts that he has reason to believe that several attempts were made, and again an attempt is being made to force his acceptance to the false charges levied against him, in the County of Kings in a conspiracy to malisiously prosecute an innocent defendant.

17. The plaintiff made commands directly to the defendant in writing for specific pre-trial hearings that are all afforded to him under N.Y.S. CPL and he had a duty as a criminal defense attorney even by legislation to see that he provided adequate representation. The plaintiff demanded that the defendant request a **Mapp/Dunaway**, **Huntley**, and **Sandoval** hearing by Notice of Motion submitted on his behalf to protect his rights and from any threat that may be opposed on him for asserting those rights.

18. The plaintiff is under the presumption that though he may not be an attorney that this Court should no doubt view his pleadings on its face liberally and in accordance with the Federal Rules of Civil procedure.

19. The plaintiff seeks oversight to assure that in no way shape or form the defendant be given unfair advantages while never having once responded to the initial claim against him other than to request extensions.

20. Damien Brown breached a contract and that breach assisted County of Kings District Attorney Charles J. Hynes in a proceeding to prosecute the plaintiff after serious allegations of Grand Larceny and falsifying public records was made against him.

21. By attempting to have Deric Nelson stand trial without a jury of his peers present Damien Brown assisted The People of the State of New York to avoid them from holding any liabilities based on the property in question and the new evidence of this is statements made by John B. Stella Esq. and supported by further interrogatories made by acting Judge Joel M. Goldberg on August 7, 2013.

22. The plaintiff made the defendant aware of all of the facts surrounding his case by way of first serving him with a **"Constructive Notice to attorney Instructions for Representation for Deric Nelson"**, followed by a **NOTICE OF DISHONOR AND DEFAULT** giving him 72 hours in compliance with specific demands after and he breached said contracts (See Exhibits "C" and "D" of his initial complaint).

23. The claims of mortgaged back securities fraud where all asserted before the County of Kings assistant to the District Attorney during the course of the proceedings in the form of a New York State Department of Taxation and Finance report on the value of the property in question and the defendant was duly aware.

24. The New York State Department of Taxation and Finances property assessment was not asserted initially by the plaintiff, but was made possible by The People of the State of New York, in their pleadings submitted by the County of District Attorney Charles J. Hynes

25. The Notice Of Dishonor And Default served to Damien Brown also gave him 72 hours to move the proceedings to a Federal Venue on behalf of the plaintiff by contacting the proper officials in writing in regards to potential tax fraud (See **NOTICE OF DISHONOR AND DEFAULT (Exhibit D)**.

26. The Notice Of Dishonor And Default also stated that if the commands asserted to Damien Brown were not met that he must compensate the plaintiff at a sum no less than $1,000,000 for his negligence in redressing the rights, privileges, and immunities afforded to him not only by the New York State Constitution but also the United States Constitution.

27. The sum said of $1,000,000 was reasonable based upon the New York State Department of taxation and finances assessment of the value of the property and the fact that the plaintiff had been falsely detained on various occasions during the course of the proceedings.

28. The statements openly made on the record by John B. Stella Esq. and acting Judge Joel M. Goldberg on August 7, 2013 show a deliberate attempt by the defendant to use his power of attorney in having this Court grant him extensions barring his prosecution for the negligence carried out against the plaintiff.

3

29.     Damien Brown was negligent but fully aware at all times based on the plaintiff's case file being easily available to him and yet it is now been revealed that he never once utilized that availability but instead was in route to proceed with an unlawful trial, without the plaintiff's consent.

30.     Plaintiff seeks compensatory and punitive damages. Plaintiff also seeks all other awards, fees and cost, and for such other and further relief as a Federal Court seems just and proper.

## PUNITIVE DAMAGES

31.     Plaintiff is seeking punitive damages against Damien Brown.

WHEREFORE, the plaintiff demands the following relief jointly and severally against the defendant:

(a)     A declaration that he violated the "**Constructive Notice to attorney Instructions for Representation for Deric Nelson**";

(b)     Compensatory damages for the violation of his rights, economic losses, and the emotional injuries suffered by the plaintiff. By reason Damien Brown's unlawful and unjustified conduct, in an amount just and reasonable and in conformity with the evidence at trial based on **NOTICE OF DISHONOR AND DEFAULT (Exhibit D)**;

(c)     Punitive damages against Damien Brown;

(d)     For such other, further and different relief as is just and proper under the circumstances.

Dated August 19, 2013

I Am: _[signature] Deric Nelson_ - (Pro Se) All Rights Reserved Without Prejudice.

DERIC [NELSON]
P.O. BOX 654
HICKSVILLE NY 11802

4

## Verification

For the knowing of the all of the men and women of the Deric-Nelson duly affirming, deposing, and saying of the all of the presents of the stating-herein with the first-hand-knowledge of the True, correct, and complete: facts with the full-disclosure under penalty-of perjury.

For the knowing of the all of the men and women of the Deric-Nelson duly attesting and verifying of the all of the presents of the stating-herein with the first-hand-knowledge of the True, correct, and complete: facts with the full-disclosure under the penalty-of-perjury.

*Deric Nelson*

AR: Deric Nelson - Affiant

By the affirming before-me on the _18ᵗʰ April 2013_ in the _Suffolk_ County in the New-York-State.

Notary-Public

My Commission Expires on _03/30/15_

ANARGHI N. KACHRU
Notary Public, State of New York
No. 01KA... Qualified in Suffolk County
Commission Expires March 30, 3/30/15