UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

**DERIC NELSON**

                Plaintiff,

                                            Case No. 13CV3446 (KAM)(MG)

   v.

**DAMIEN BROWN, et al.**

                Defendant.

**DEFENDANT DAMIEN M. BROWN'S MOTION TO DISMISS THE COMPLAINT WITH PREJUDICE**

                                            Law Office of DAMIEN BROWN, ESQ.
                                            Pro Se
                                            26 Court Street, Suite 808
                                            Brooklyn, New York 11242
                                            718-596-0025

DERIC NELSON
55 South 25th Street
Wyandanch, New York 11798
917-945-6188

**TABLE OF CONTENTS**

I.  **PRELIMINARY STATEMENT**………………….....………………………1

   **PROCEDURAL HISTORY** ……………………………………………………

A. Plaintiff's Section 1981 claim……………………………………………………

II. **STANDARD FOR DISMISSAL**………..………………………………………..5

III. **ARGUMENT** ........................................................................................................6

A. The District Court does not have jurisdiction over this matter as it does not involve the Trust Indenture Act of 1939 which deals with securities regulation.

B. The District Court does not have jurisdiction over this matter as the complaint does not allege that Damien Brown is a State actor.

C. The District Court does not have jurisdiction as the complaint as written does not involve any Federal Questions.

D. Plaintiff's lawsuit must be dismissed as he fails to state a cause of action on which relief may be granted.

**CONCLUSION**............................................................................................................8

### DEFENDANT DAMIEN M. BROWN'S MOTION TO DISMISS THE COMPLAINT WITH PREJUDICE

Defendant, Damien M. Brown, submits motion to dismiss, with prejudice, all claims alleged against him as set forth in the complaint. Specifically, Defendant seeks dismissal pursuant to Federal Rule of Civil Procedure 12 (b)(6) for failure to state claim upon which relief may be granted.

In support of this motion, Defendant relies upon the statement of facts, authorities and arguments set for in the accompanying memorandum and its attachments.

### PRELIMINARY STATEMENT

Mr. Nelson was arrested on December 28, 2009, and released on his own recognizance on December 29, 2009. The charges pending against the Plaintiff were and still are Attempted Grand Larceny in the 1st degree $1,000,000.00, a "C" Felony, Offering to file a false instrument in the 1st degree, an "E" Felony, and Falsifying Business Records in the 1st Degree, an "E" Felony.

.

At the time of Plaintiff's arrest, Plaintiff was represented by Attorney Nicholson, an 18B attorney assigned to represent him at the time of his arraignment. After a fall-out with Mr. Nicholson, Plaintiff retained the services of Dawn Florio, Esq. It is my understanding, that Mr. Nelson had problems with Ms. Florio due to her representation of

his case. As a result of the numerous conflicts with his attorneys, the Court ordered that a mental examination be held in order to determine whether or not Plaintiff can assist in his own defense and stand trial.

Defendant is unaware of the outcome of Plaintiff's examination, however, due to continuously conflicts with the Courts and the attorney representing the Plaintiff, Defendant was asked by the Courts to represent Mr. Nelson to due Defendant knowledge and experience in these types of case.

On September 11, 2012, Defendant, Damien Brown, an attorney duly admitted to practice in the State of New York, was assigned as an 18B attorney, by Hon. Judge Walsh from the Kings County Supreme Court, Criminal Term, Part 50 to represent Deric Nelson, the Plaintiff herein.

Shortly after being assigned, Defendant visited Plaintiff who was incarcerated at Riker's Island after being remanded by Hon. Judge Walsh to discuss the details of the criminal case. Upon entering the attorney-client interview room, Defendant introduced himself as an attorney assigned by the Court to represent Plaintiff.

At that time, Plaintiff stated to the Defendant " you are not my attorney," and proceeded to exit the interview room, refusing to meet with Defendant to discuss his case.

Immediately on the next appearance, Defendant informed the Court that the Plaintiff had refused to meet with Defendant and which time, the Plaintiff was advised by Judge Walsh that he didn't have an option as to his 18B attorney, and that if a problem existed, Plaintiff needed to proceed Pro Se, or retain new counsel.

After Plaintiff's release from Riker's Island, Defendant requested that Plaintiff set up an appearance to meet at Defendant's office in order to amicably discuss the details of Plaintiff's case.

Plaintiff met with Defendant, as well as with members of Plaintiff's family and friends that accompanied Plaintiff to meeting.  Plaintiff's sole purpose for meeting with Defendant was to serve him with a "Constructive Notice to attorney, Instructions to attorney" agreement.

Defendant refused to sign such Notice, however, promised the Plaintiff that he would give his case 100 percent of his time and attention and that he would answer any and/or all questions Plaintiff might have throughout the course of his case.

The Defendant tried on numerous occasions to meet with the Plaintiff to discuss any and/or all concerns Plaintiff might have as to the hearings and trial stage of the case. The Plaintiff was not cooperating with Defendant.  Defendant is a criminal trial litigation attorney with a heavy trial schedule, however, Defendant tried to accommodate the Plaintiff's request to schedule meeting in Defendant's office in order to discuss the case.

After numerous attempted to communicate with Plaintiff and missed scheduled appointments with the Defendant, the Defendant informed the Plaintiff that the concerns would have to be addressed over the phone as Plaintiff continuously failed to show up for his scheduled appointments. As a result of Defendant's decision, Plaintiff became enraged and continuously harassed Defendant.

Plaintiff alleges that Defendant failed to conduct a Mapp/dunaway, Huntley and Sandoval hearing on his behalf to protect his interest in the property in question, however, in such criminal case, a Mapp/Dunaway and Huntley hearing is not necessary in this case because there were no property and/or evidence that was seized from the Plaintiff or any areas in which he had a privacy interest at the time of his arrest or at any time thereafter.

As such, there was no need to conduct such hearings. There were no statements of the Plaintiff or identification of the Plaintiff to be introduced at trial, therefore, the Plaintiff had no legal right to the hearings. Sandavol hearing would be conducted prior to the commencement of Plaintiff's trial, therefore, Plaintiff's rights would be preserved.

Defendant continuously informed the Plaintiff of his legal rights, however, the Plaintiff insisted that he would determine the manner in which his case would proceed.

Plaintiff is not an attorney and therefore does not have the educational background in the legal field. Plaintiff has hampered with his legal representation from the initial date of Defendant's assignment to case.

On or about June 18, 2013, the Plaintiff filed a lawsuit against the Defendant in the Eastern District of New York and served the defendant some time later while the Defendant was on a murder trial in Queens County Supreme Court, before Judge Lasak on the matter of People v. Malcolm Thompson.

## **STANDARD FOR DISMISSAL**

To survive a motion to dismiss under Rule 12 (b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662,662 (2009) (quoting *Bell Atl v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the Plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Under this standard, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions and a formulaic recitation of the elements of a cause of action will not do." *Twombly, 550 U.S. at 555 (alteration, citation, and internal quotations marks omitted). See also Harris v. Mills, 572 F.3d 66,72 (2d Cir. 2009)* ([t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." (internal citations omitted)

To determine whether a complaint states a claim upon which relief can be granted, the Court should (1) "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth" and (2) then determine whether the remaining well-pleaded factual allegations, accepted as true, "plausibly give rise to an entitlement to relief" *Iqbal*, 556 U.S. at 679.

As shown, the majority of Plaintiff's threadbare, conclusory recitals are not entitled to an assumption of truth in the first instances do not plausibly give rise to any entitlement of relief against Damien Brown and each and every claim asserted against Damien Brown should be dismissed.

### **ARGUMENT**

### **THE COMPLAINT FAILS TO STATE A CLAIM AGAINST DAMIEN BROWN UNDER SECTION 1981**

" Section 1981, which provides, in pertinent part, that "all persons…..shall have the same right…… to the full and equal benefits of all laws….. as is enjoyed by white citizens, "42 U.S.C. §1981(a), prohibits "international racial discrimination" by either public or private actors. *Brown v. City of Oneonta*, 221 F.3d 329, 339 (2d Cir. 2000); see also *Patterson v. County of Oneida*, 375 F.3d 206, 226 (2d Cir. 2004) (collecting cases).

Accordingly, to establish such claim pursuant to 42 U.S.C. §1981, "a plaintiff must allege facts supporting the following elements: (1) plaintiff is a member of a racial minority; (2) defendant intends to discriminate on the basis of race; and (3) discrimination concerning one of the statute's enumerated activities. "Brown, 221 F.3d at 339 (citing *Mian v. Donaldson, Lufkin & Jenrette Sec. Corp*. 7 F.3d 1085, 1087 (2d Cir. 1993)

The Complaint does not identify the race of either the plaintiff or the defendant, nor does it make any reference to alleged racial discrimination, let alone intentional racial discrimination. On its face, thus, the complaint fails to allege the necessary elements of a section 1981 claim.

Even assuming the Court were to consider the additional allegations, which, as noted, were not contained in the complaint, they would nonetheless be insufficient because it is "well established" that, to survive a motion to dismiss, a plaintiff bringing a section 1981 claim must allege with specificity" circumstances giving rise to a plausible inference of racially discriminatory intent. "Yusuf v. Vassar Coll, 35 F.3d 709, 713 (2d Cir. 1994). "Conclusory allegations" of racially motive animus are insufficient, *Id.* See also *Williams v. N.Y. City Housing Auth. & Local 237*.

Accordingly, the complaint fails to state a plausible claim to relief pursuant to 42 U.S.C. § 1981, and Defendant, Damien Brown is entitled to a dismissal of that claim.

## THE COMPLAINT FAILS TO STATE A CLAIM AGAINST DAMIEN BROWN UNDER 15 U. S. C SECTION 77 aaa through 77 bbb, TRUST INDENTURE ACT OF 1939 ("TIA")

The Plaintiff alleges that the defendant failed to fulfill his obligations as an attorney duly admitted to practice in the State of New York. Specifically, the Plaintiff alleges violations of the Trust Indenture Act of 1939 ("TIA") 15 U. S. C. § 77aaa through 15 U. S. C. §77 bbb, breaches of contract, and breaches of the implied covenant of good faith and fair dealing under New York law. The plaintiff seeks damages for the losses it claims to have incurred due to these alleged breaches.

The Defendant moves to dismiss such claims arguing that the Plaintiff lacks class standing and that the Complaint fails to state of claim on the merits.

## CONCLUSION

For the foregoing reasons, this Court should dismiss all claims against the Defendant, Damien Brown.

Dated: Brooklyn, New York
September 10, 2013

                                                              Respectfully Submitted

                                                              /s/ Damien M. Brown
                                                              Law Office of Damien M. Brown

## **CERTIFICATE OF SERVICE**

I, certify that on September 11, 2013, I sent a true and accurate copy of the foregoing document to the Plaintiff addressed to:

Deric Nelson
55 South 25th Street
Wyandanch, New York 11798
917-945-6188