December 30, 2013

In Re: Case Number: 00046-2010
         Docket CV-13-3446
         CCRB case number: 201203239

To whom this may concern,

     I Margo Nelson the natural mother of Deric Nelson (Petitioner) have forwarding one true and original and four (4) copies of a **typed sworn statement, Petition for Writ of Habeus Corpus,** and **Exhibits** on the behalf of the petitioner to the **New York State Supreme Court Appellate Division (1ˢᵗ Department)**.  A true and original copy of the writs mentioned has also been forwarded to the parties listed on **CC** on the behalf of the petition for their record keeping.  Also attached to this letter is a **$5.00 Money Order** to cover the filing fee for the petition with the Clerk of Courts.  I have been a witness to all of the facts presented and do state that they are true and accurate to the best of my knowledge in regards to the case dockets in question.  For reference the sworn statements and attachments was corresponded to me and I took it upon myself to see that all matters were typed up and preserved the way the petitioner desired before sending it to you on his behalf.

### Notice To the Clerk

1.  Take the attached original **Petition for Writ of Habeus Corpus** and the four (4) copies of the original to be filed with the court.  Please return one (1) of the stamped copies of the original to **P.O. Box 654 Hicksville, NY 11801** at which point I will retrieve the stamped copy on the behalf of the petitioner for my safe keeping.

2.  A **$5.00 Money Order** has been attached to cover the **$5.00** filing fee of the petition with the **New York State Supreme Court Appellate Division (1ˢᵗ Department)**.  After speaking to the Clerk of Court I was informed that the Otis Bantum Correctional Center was in the jurisdiction of the **1ˢᵗ Department**.

3.  The petitioner is currently incarcerated at Otis Bantum Correctional Center and I as his natural mother have been given the delegated authority to see that his legal documentation reaches its various destinations on his behalf and furthermore to correspond if need be in regards to his affairs.

4.  It is imperative that a true and original stamped copy be sent back to the return address listed above in order that I may relay all correspondence to the petitioner and to keep all of his documentation preserved for safe keeping.

### Notice To the Parties in CC

5.  I being the natural mother of the petitioner have acted as an Eyewitness to the proceedings held in County of Kings Supreme Court Criminal Term Part.

6.  I am also fully aware of the matters currently pending in United States District Court for the Eastern District of New York.

7.  I also am a claimant in the matter being a witness to the facts surrounding the case dockets and it is imperative that you regard these matters as top priority in regards to liabilities that can be incurred if the rule of law is broken in any way, shape, or form while on my watch and the watch of my relatives.

8.  The copies forwarded to your offices is sent to insure that the matters currently on record with the People of the State of New York is preserved in **TRUTH** and to also provide valuable consideration to your offices in the event that these matters can not be resolved at this level of my administration.

9.  The petitioner who is a former law enforcement official and has always been at risk of physical injury while being placed in a Correctional Center where he may encounter inmates that he arrested during his services to the People of the State.

10.  I myself have also undergone physical injury as a result of these matters and that fact is further supported by the attached claim prepared by Juan Pablo Vegaromero Esq. and served on the City of New York Office of the Comptroller and later filed with the Office of the Attorney General of New York State.

11.  Though I am not an attorney I do reserve the absolute right to take power of attorney over the petitioner's affairs at his behest and to see that in the event that he is ever found incompetent or becomes incapacitated to use my sound mind along with members of my family to see that justice be served.

1

12.    I rely on the creator (**GOD**) of all of these matters and further call on my Supreme maker to see that the individuals that have caused my family pain and suffering which includes the petitioner and myself be brought to the point of absolution in the best interest of justice.

13.    My son the petitioner and I are in no way combatants to democratic principal but do seek that balance is restored to the democracy by way of the rule of law of the land and further by way of the superior offices that govern the People.

14.    In no way am I myself against capitalism or any form of government that honors the laws that have been set in play and accepted by the people so long is that the law is upheld to the full letter that it was subscribed in.

15.    I am not against the natural men and women who understand the law but instead use this opportunity to preserve the body of humanity amongst all natural men and women while still maintaining the flow of the commercial interest of the people at all cost in the positive.

16.    Private matters should be well settled in the private to avoid public matters being left as a burden on the People of any State and that I believe religiously holds merit in my son the petitioner's pleadings which I do believe to be true and accurate and have witnessed for over four (4) years.

17.    In closing I will say that as a former employee of the Department of Health and Human Services, in all of my years of service to the people I do not understand how these matters could have reached this level.

18.    Not only have these issues been a burden on myself but even more against the petitioner who dedicated his life to serving the People of the State of New York as a former law enforcement official.

I Am: Margo Nelson - All Rights Reserved Without Prejudice.

MARGO NELSON

P.O. BOX 654

HICKSVILLE NY 11801


Sworn to before me this

**30ᵗʰ** day of December, 2013

NOTARY PUBLIC

IDE TILLAH JR.
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01TI6135995
Qualified in Suffolk County
Commission Expires October 31, 2017

2

**UNITED STATES POSTAL SERVICE ®**

# CUSTOMER'S RECEIPT

| SEE BACK OF THIS RECEIPT FOR IMPORTANT CLAIM INFORMATION | Pay to | New York State Supreme Court Appellate Division | KEEP THIS RECEIPT FOR YOUR RECORDS |
|---|---|---|---|
| **NOT NEGOTIABLE** | Address | 27 Madison Avenue (First Department) New York NY 10010 | |

| Serial Number | Year, Month, Day | Post Office | Amount | Clerk |
|---|---|---|---|---|
| 21466465492 | 2013-12-30 | 117220 | $5.00 | 0027 |

**SUPREME COURT OF THE STATE OF NEW YORK**
**APELLATE DIVISION**

———————————————————————————————x

DERIC NELSON,

                      Petitioner

-against-

CHARLES J. HYNES, acting District
Attorney's Office of County of Kings;
DORA B. SCHRIRO,
Commissioner of Corrections
Department of New York City;
THOMAS HALL, Warden of Otis Bantum
Correctional Center,

           Respondents.

**Petition for Writ of**
**Habeus Corpus**

Case Number: 00046-2010
Docket CV-13-3446
CCRB case number: 201203239

**Place of Detention: Otis**
**Bantum Correctional Center,**
**Rikers Island**

———————————————————————————————x

## PETITION

This Petition for writ of Habeus Corpus is filed on behalf of Deric Nelson (Petitioner) pursuant to the provisions of **28 U.S.C. § 2241 and § 2244** in conjunction with **NYS CVP Law Article 70 and 71**.The petitioner relies on this ancient writ to bring balance to the case docket in question. The petitioner does state that all of the facts being presented are true and accurate to the best of his knowledge and he seeks a fair hearing to redress the case docket in questions based upon the merits and in the best interest of justice being served seeing that his good name is cleared of the allegations against him. Deric Nelson is being detained as a surety by way of the accounts of the offices of the respondents mainly by way of a bail bond on file at Supreme Court Of The State Of New York County Of Kings: Criminal Term: Part.

### FACTS AND INTERROGATORIES

    1.(a) Name and location of court that entered the judgment of conviction you are challenging: Supreme Court Of The State Of New York County Of Kings: Criminal Term: Part

        (b) Criminal docket: 00046-2010

    2.   (a) Dates of detention: December 28, 2009 through December 29, 2009, July 19, 2010 through July 20, 2010, March 5, 2012 through June 8, 2012, September 7, 2012 through October 5, 2012, and December 18. 2013.
(b) Dates of Court ordered detentions: December 28, July 19, 2010, March 5, 2012, September 7, 2012, and **December 18, 2013**.

    3.  Length of detentions: The petitioner was charged in this matter with violations of **P.L. 155.42 (Grand larceny in the first degree) P.L. 175.10 (Falsifying business records in the first degree) P.L. 175.30 (Offering a false instrument for filing in the second degree)** and has been detained for a total of 136 days. On December 18, 2013 a ruling by the acting Judge Joel M. Goldberg placed the petitioner in detention for a period of **thirty(30) days** in the custody of the warden of Otis Bantum Correctional Center (Rikers Island).

    4.  The petitioner has entered pleas of not guilty on all the charges against him.

    5.  The petitioner motioned for pretrial hearings that were denied by the acting Judge Joel M. Goldberg and following a civil action was commenced against his former attorney Damien Brown et al. in United States District Court for the Eastern District of New York (**See attachment Response of Damien Brown et al. CV-13-3446**).

    6.  The petitioner moves to exhaust his State remedy in the form of various conflicts of interest that has arisen between the People of the State of New York and himself in regards to the matters surrounding his suit in equity

1

against Damien Brown et al. and furthermore a separate suit in equity was filed against John B. Stella et al. who also was his previous attorney in the above matter. John B. Stella breached a private agreement served on him in regards to having the accounts placed against the petitioner set off for discharge and closure.

7.   The petitioner as a result of the actions of his former attorneys are at risk of losing six (6) properties that were seized as a result of the allegations against him by a Bernard Shafran et al. five (5) properties which are located in Suffolk County and one (1) property located down the block from the Barclay/Nets Stadium located in Brooklyn valued at over $10,000,000.

8.   The manor at which the petitioner is at jeopardy of losing said property is by way of a civil action to obtain the property by Bernard Shafran et al and was initiated alongside the criminal complaint in the case docket.

9.   It should be noted that the property located at 467-469 Vanderbilt Avenue Brooklyn N.Y. originally housed a mini-supermarket with a mortgage that was held by Green Point Savings Bank in early 2000.

10.   The mortgage held by Green Point Savings Bank was then purchased by a John T. Walsh Enterprises LLC at which point a loan was secured on behalf of the petitioner to pay off said mortgage with the assistance of Bernard Shafran et al.

11.   Following the payoff of the said mortgage Bernard Shafran et al forged the signature of the petitioner on a Transfer of Real Property in 2004 and later initiated a civil complaint against the petitioner to seize the six (6) properties that was listed in their memorandum of agreement.

12.   At no point did the petitioner ever agree to sell said properties but instead only agreed to enter a joint venture with Bernard Shafran et al in order to build condominiums on the location of the property at 467-469 Vanderbilt Avenue Brooklyn N.Y.

13.   Following Bernard Shafran et al attempting to seize said property in a civil action he initiated a criminal complaint with the office of the County of Kings District Attorney at which point he alleged the petitioner forged public documents in order to seize back the property and he was then charged with Grand Larceny and falsification of the public record.

14.   Let the record reflect that the acting Judge John Walsh who originally presided over the criminal charges against the petitioner by way of the complaint of Bernard Shafran et al is eerily similar in nomen to the John T. Walsh Enterprises LLC who purchased the original mortgage held by Green Point Savings Bank prior to the construction of the said condominiums.

15.   On three (3) occasions prior to John Walsh's retirement he had the petitioner detained in Otis Bantum Correctional Center by ruling of the court in order to force the petitioner under threat to accept false allegations made against him by way of the complaint of Bernard Shafran et al and acting District Attorney Charles J. Hynes.

16.   When the petitioner asserted the facts of the purchase of the original mortgage held by Green Point Savings Bank onto the record of the criminal case against him this is when John Walsh retired from his post as an acting Judge of the State of New York.

17.   It is by way of the facts that the petitioner assumes that acting Judge John Walsh, acting District Attorney Charles J. Hynes and Bernard Shafran et al conspired together to seize the Real Estate interest of the petitioner using racial discrimination and religious diversity by way of their class of citizenship as attorneys of the State and acting Judge against the petitioner.

18.   Proof of the aforementioned is the various titles at which Bernard Shafran et al assumed in the original memorandum of agreement he entered into with the petitioner being that he was not only the attorney who serviced the bridge loan for the construction of the condominiums on the site of the property located in Brooklyn NY but also was the attorney who claimed to have power over the alleged Transfer of Real Property and also the attorney who initiated a criminal complaint against the petitioner for grand larceny with the Rackets Division of the Office of the acting District Attorney Charles J. Hynes.

19.   Furthermore after the criminal complaint was initiated in regards to falsification of the public record and grand larceny the Clerk of the Courts that recorded said documentation openly admitted that she never remembered ever seeing the petitioner on the record and for the record of the court in a sworn statement.

20.   It should be well settled that by way of the acquiesce of various attorneys and individuals employed by the State of New York that absolutely the aforementioned State licensed officials conspired together in order to gain a social and economic advantage against the defendant by way of the legal tender afforded to them in their actions and under the presumption that the petitioner would be convicted of the false charges against him.

21.   No doubt Bernard Shafran et al used a criminal complaint which was mere allegations as a means to launch a civil action alongside said criminal complaint with acting District Attorney Charles J. Hynes and used the allegations to

have the acting Judge presiding over the civil action for the properties in question rule in his favor against the petitioner.

22. The grounds that he committed a crime when at the time was mere allegations were never proven by way of a conviction or a confession or in any court in the State of Federal venue and that was a gross defamation of character which was used as a means to seize the Real Estate interest of the petitioner.

23. On December 18, 2013 the newly appointed acting Judge Joel M. Goldberg stated on the record that the only way that he could dismiss the criminal charges placed against the petitioner in the interest of justice is if he was found incompetent.

24. Four (4) separate CPL 730 examinations proved beyond a reason of a doubt the petitioner was in fact at all times competent and on December 18, 2013 the most recent examinations physician a Dr. Michael Fuller took the stand and further agreed that his report was accurate at which point acting Judge Joel M. Goldberg moved to have the petitioner detained for thirty (30) days in the Otis Bantum Correctional Center.

25. The acting Judge Joel M. Goldberg has abused his limited authority to violate the rights of the petitioner void of all jurisdiction to perform said acts and that can be proven in the attached response of a Damien Brown et al. in a United States District Court for the Eastern District of New York where he openly agreed that he waived his right to respond to the allegations of his negligence in these matters making them true on its face void of any interrogatories the contrary of the record.

26. Joel M. Goldberg retaliated against the petitioner for his suits in equity placed not only on his appointed attorney Damien Brown et al but further for the second suit in equity initiated against his latest attorney John B. Stella et al.

27. Joel M. Goldberg used a official capacity while void of jurisdiction to have the petitioner detained during the holiday seasons while his natural mother Margo Nelson and father Burley Nelson witnessed in order that he undergo mental stress along with his relatives and capitulate to charges that he did not commit nor authorize.

28. The petitioner brings this action on the grounds of the violation of his rights afforded to him by **New York State Constitution Articles 1 § 11, and 12**, in conjunction with **United States Constitution Bill Of Rights 1st, 4th, 5th, 8th, 9th and 14th Amendments, Title 42 Section 1981, 1983, and 1985 (See attached Exhibits ''A'', ''B'', and ''C'')**.

## GROUND ONE AS A CAUSE OF ACTION VIOLATION OF CONSTITUTIONAL PROTECTIONS

29. The attached **exhibits ''A'', ''B'', and ''C''** will shows beyond a reason of a doubt that the petitioner was denied specific remedies in regards to the acting District Attorneys failure to State a claim upon which relief could be granted and furthermore that his attorney displayed negligence in having his open case file be asserted to reflect his innocence.

30. Pre-trial hearings could have been afforded to the petitioner supported by **NYS CPL** in the least in the form of a **Huntley hearing** in regards to how District Attorney Detectives received statements from the petitioner prior to his arrest after the date of the alleged incident and that fact was asserted on the record by his former attorney John B. Stella et al. during one of the petitioners scheduled appearances before the court. The petitioner also relies on the **Huntley Hearing** in order to question the District Attorney Detectives in regards to the protocols used in their investigation and to prove that certain breaches of the Rackets Division did occur in regards to said investigation. It should also be well settled that void of a injured party at the time the petitioner had every right to be set at liberty but instead was arrested and detained without cause.

31. The petitioner made previous demands for a hearing to be held in regards to the prosecutions violation of **NYS CPL 30.30** and the amount of time at which the prosecution has not made proof of claim and failed to answer interrogatories of the petitioner has far exceeded **three (3) years**.

32. By denying the petitioner a right to preliminary hearings the acting District Attorney has violated his right to due process and equal protection of the law supported by way of the 14th amendment of the United States Constitution and furthermore the District Attorney has failed to produce the petitioner's accuser before the court.

33. The petitioner has been detained against his will on previous occasions and has been threatened to proceed at points with a trial void of a jury of his peers by the court or to undergo various **CPL730** examinations. For reference the petitioner was examined on **three (3) separate** occasions at which all the reports of the physicians assigned to conduct said examinations found that he was competent and fit to stand trial at all times before the court.

34. The most recent examination made by a Dr. Michael Fuller on October 16, 2013 produced that the petitioner was at all times competent and it should be noted that the petitioner believes that acts of retaliation are being taken out

against him in regards to his claims currently on file in United States District Court for the Eastern District of New York against his former attorneys Damien Brown et al. and John B. Stella et al.

35. The attached **Exhibits "A", "B" and "C"** will show plainly that on or about **seven (7)** days prior to the alleged date of incident charged against the petitioner the acting District Attorney Charles J. Hynes had already scheduled a Grand Jury hearing against the petitioner and it is impossible to deny that fact because proof of said planned indictment exists in his open case file.

36. Let the record reflect that a Real Estate interest located at 467-469 Vanderbilt Avenue Brooklyn N.Y. was seized from the petitioner as a result of false allegations made by a Bernard Shafran et al. in a civil action that was commenced alongside the false criminal allegations made against the petitioner. It can further be proven in the testimony of his accuser and the ruling of the court in the civil matter that the petitioner was said to haven committed the crime of grand larceny prior to ever having been convicted of said allegations and those false statements asserted by Bernard Shafran et al. acted to have the said Real Estate interest seized from the petitioner by the ruling of the acting Judge presiding over the proceeding.

37. Let the record show that following the aforementioned secret indictment planned on or about **seven (7)** days prior to the incident in question a second grand jury hearing was held at which the petitioner was never invited to give a statement on his own behalf or by his representation and subsequently that also is being used as a means to place the petitioner under threat to accept the false charges filed against him.

38. Based upon the failure to answer various interrogatories in the private and the suits in equity for negligence placed against Damien Brown et al. and John B. Stella et al. by the petitioner as a result it should be well settled that a mistrial has occurred. The petitioner makes that assertion based on his former attorneys assisting his accuser on the record of the court in attempts to have him proceed with a trial void of a jury of his peers. The acting Judge Joel M. Goldberg was made aware of the petitioner's innocence and the aforementioned facts in his scheduled appearance on December 18, 2013 at which point Joel M. Goldberg opted to rule that the petitioner be detained for **thirty (30)**days in Otis Bantum Correctional Center and to undergo a **fourth (4ᵗʰ) CPL 730** examination in retaliation for his former attorneys Insurance premiums being at risk.

39. The petitioner is has been the subject to **cruel and unusual punishment** by the ruling of the acting Judge Joel M. Goldberg in Otis Bantum Correctional Center a violation of the **8ᵗʰ amendment** of the United States Constitution and in violation of the **New York State Constitution article 1 sections 11 and 12.**

40. The petitioner has always reserved his right to remain silent by way of the **5ᵗʰ amendment** of the United States Constitution and not to be subject to incriminating himself by being forced to speak in regards to his claims in the Federal Jurisdiction while in County of Kings Supreme Court Criminal Term Part.

41. The petitioner and his natural mother Margo Nelson also have a consolidated claim which was prepared originally on their behalf by a Juan Pablo Vegaromero Esq. against the People of the City of New York and the City of New York Police Department on file with the City of New York Office of the Comptroller and the Office of the Attorney General of New York State as absolute proof that actions carried out against the petitioner have violated his Constitutional Protections (**Reference Claim Number 2012PI014570 and CCRB case number: 201203239** ).

42. The acting District Attorney has failed to provide any opposition in response to the record of the petitioner in regards to the grand jury hearing planned on or about **seven (7) days** prior to the date of incident and in failing to do so he has agreed that the Federal question was raised by the petitioner in the form of not only his suits in equity against his former attorneys but furthermore by his failure to discharge the accounts filed against the petitioner. The petitioner did not understanding the nature and cause of the actions filed against him before the court by the acting District Attorney and he has exhausted his remedy in attempting to have him or his assistants move the court in having the charges against him dismissed in the best interest of justice.

43. No doubt the pleadings of the petitioner has led to a breach of his **1ˢᵗ amendment** Constitutional protection as he has been forced repeatedly to remove his pleadings or has been silenced in the form of detentions ruled by the acting Judge presiding over the case docket and that further has acted to assist his accuser in prosecuting him without making proof of claim.

44. The acting District Attorney Charles J. Hynes has benefitted in the form of the legal tender afforded to him as prosecuting attorney on behalf of the People and no doubt he should be the full surety and liable on the behalf of the petitioner by way of the continued appearance in acquiesce to the pleadings of the petitioner by way of silence which is acceptance of the pleadings.

45. A excessive bail bond has been charged and held against the petitioner's best interest and it should be well settled that the grand jury hearing that was ruled against him was unjust because he was never invited to said hearing in order that he give statements on his own behalf and to face his accusers and this was after a grand jury hearing was planned in secret on or about **seven (7) days** before the date of incident even occurred a breach of the **9ᵗʰ amendment** of the United States Constitution.

46. A mortgage backed security interest was seized in a civil complaint made against the petitioner by a Bernard Shafran Esq. and he in fact used said allegations of grand larceny charged by the acting District Attorney against the

4

petitioner as a means to have the property placed in his possession and it can be proven by court transcripts in the civil matter at which it was stated for the record that the petitioner was guilty of the allegations against him while never having been convicted of said allegations.

47.     By virtue of the date of this petition and the court docket in question, it is not hearsay for the petitioner to assert that the testimony in the civil matter submitted by Bernard Shafran et al. was used in order to seize his Real Estate interest. The assertion of Bernard Shafran et al. was false in its entirety and that testimony was used to charge the court to agree against the petitioner in the civil actionby stating that he did commit grand larceny before he was ever convicted of said crime and at the time all the charges against the petitioner were mere allegations.

48.     Absolutely acting District Attorney Charles J. Hynes had reason to assist Bernard Shafran Esq. in seizing said Real Estate interest in that the appreciation of the value of said property and the commercial gains made on behalf of the charges against the petitioner served to benefit both parties in the form of legal tender and that also can be proven by the New York State Department of Taxation and Finances assessment of the property value in the petitioners open case docket. Furthermore it should be noted that the original complaint which leading to the charges of Grand Larceny against the petitioner was initiated by Bernard Shafran et al. with the Office of the acting District Attorney. On April 1, 2013 a criminal complaint in regards to the matters before the court was served on the County of Kings District Attorneys Rackets Division against Bernard Shafran et al., Jacob Shafran, and Abraham Woldigger of 467-469 Vanderbilt LLC In regards to how Bernard Shafran et al. filed said criminal complaint and was also acting as a witness when he at no point was present in the Clerk of the Courts office to ever witness the petitioner falsifying the records of the People of the State. For reference the criminal complaint filed by the petitioner against 467-469 Vanderbilt LLC was never rebutted by his accusers.

49.     The charges filed against the petitioner involve allegations of falsified documents submitted to the Clerk of Courts but upon further scrutiny a property was seized during the arrest of the petitioner by way of a civil complaint filed by Bernard Shafran et al. The petitioner informed his former attorney John B. Stella et al. of the aforementioned facts and demanded that he subpoena the video footage held by the Office of the Clerk of courts on the date of incident and also that the IP address of the individual who filed said documents with NYS Acris System be located which would prove his innocence beyond any reason of a doubt and Mr. Stella failed to assert those demands on his behalf. The petitioner also demanded a **Mapp/Dunaway**hearing be requested to retrieve the property seized as a result of the false allegations against him and further to establish whether the petitioners Miranda rights were properly administered at the time of his arrest by District Attorney Detectives.

50.     Not one attorney licensed by the State that has represented the petitioner has admitted to viewing in its entirety his **open case file**, yet all have ill advised him by way of movingto proceed with a trial against the petitioner's best interest without a jury selection of his peers and in total breach of private agreements served upon them in regards to the Constructive Representation of Deric Nelson.

51.     No doubt the respondents are all a party to the matter in that all have benefitted in legal tender as a result of the violation of the petitioners rights, privileges, and immunities afforded to him by the United States Constitution and the laws and Constitution for New York State.

### GROUND TWO AS A CAUSE OF ACTION VIOLATION OF 42 U.S.C. § 1981, 1985, and 1985.

52.     Based upon the petitionersrace the respondents have violated his right not be forced into contracts with third parties who may have a different religious belief than he practices. The previous facts of religious diversity can be proven in that he does not believe in wasting the valuable time of the courts on the accounts of the People of the State of New York and in regards to the failures of the acting District Attorney to answer interrogatories.The acting Judge Joel M. Goldberg is bound by an oath and sworn to uphold his Judicial Conduct while in an official capacity as a trustee: **Private Law Practice: In many states the practice of law by one holding judicial position is forbidden. In superior courts of general jurisdiction, it should never be permitted. In inferior courts in some states, it is permitted because the county or municipality is not able to pay adequate living compensation for a competent judge. In such cases one who practices law is in a position of great delicacy and must be scrupulously careful to avoid conduct in his practice whereby he utilizes or seems to utilize his judicial position to further his professional success. He should not practice in the court in which he is a judge, even when presided over by another judge, or appear therein for himself in any controversy. If forbidden to practice law, he should refrain from accepting any professional employment while in office. He may properly act as arbitrator or lecture upon or instruct in law, or write upon the subject, and accept compensation therefor, if such course does not interfere with the due performance of his judicial duties, and is not forbidden by some positive provision of law. (Blacks Law 4th Edition Cannons of Judicial Ethics).**

53.     The respondents have used race and religious diversity to hold the petitioner in servitude of County of Kings Supreme Court Criminal Term Part against his will under color of State law in regards to their failing to hold pre-trial conferences that will prove beyond a reason of a doubt his innocence and further has used class of citizenship to bar the petitioner from asserting his claims and counterclaims against his accusers using his status being merely a Black male

5

in order to bar his contracts from having legal standing. The respondents have used not only racial discrimination but also class of citizenship in order that he may not secure his interest as a creditor in the matters of the debts incurred by his accusers against him. It was asserted in the petitioners claim against attorney Damien Brown et al. that as a former law enforcement official the petitioner was totally aware at all times that his current class of citizenship was being used to bar his assertion of law in the legal matters of the courts and though Damien Matthew Brown being a surety for Damien Brown et al. is of African descent most surely he had a reason to assist his accusers in the form of a bribe by way of the legal tender afforded to him as representation while using his class of citizenship as an esquire against the petitioner. No doubt each and every one of the petitioners accusers are of white European decent with the exception to Damien Matthew Brown and prior to Mr. Brown representing the petitioner it should be well settled that race and religious diversity was being used against him from the very beginning in the form of For a crime to exist, there must be an injured party (**Corpus Delicti**), There can be no sanction or penalty imposed on one because of this Constitutional Right **Sherer v Cullen 481 F. 45**.The claim and exercise of Constitutional Rights cannot be converted into a crime **Miller v Kansas 230 F 2nd 486, 489**. Where Rights secured by the Constitution are involved, there can be no rule – making or legislation, which would abrogate them **Miranda v Arizona 384 US 436, 125**.Allpre trial demands that were made to the petioners former attorneys in the private are also thoroughly supported by case law on a State and Federal level see **People v. Baker**, 23 N.Y. 2d 319; **People v. Mahoney**, 16 A.D.2d 107, **Davis v. Mississippi**, 393 U.S. 821; **Crews v. United States**, 440 U.S. 907.

54.  Proof of the aforementionedfacts can be found by way of the class in the petitioner's citizenship i.e. **Black**being used as a means to bar him in the common law practice of asserting his rights in law and the repeated attempts to construe his pleadings regardless by way of**class of citizenship, social status, color, or religious beliefs**and those acts are a violation of 42 U.S.C. § 1981, 1985, and 1985.

55.  The petitioner has on numerous occasions demanded that the prosecution have his accusers presented to him in regards to any injured parties that may have made false accusations that the petitioner be held liable to their injury and the acting District Attorney has wholly failed to do so.

56.  The prosecution has used the petitioner's race to assert rule of law against him and religious diversity in that he does not understand the jurisdiction of the court nor does he understand the nature and cause of the actions against him or how he is able to be made subject **to cruel and unusual punishment** as retaliation for his pleading that he reserved his rightswithout prejudice.

## DEMANDS FOR ANSWERS TO THE INTERROGATORIES OF THE PETITIONER

57.  The petitioner asserts demands that the respondents provide answers to the interrogatories of this petition within **seventy-two (72) hours** from receipt of notice.

58.  Based on the severity of the matters before the court and the claims on file in United States District Court for the Eastern District of New York against Damien Brown et al. and John B. Stella et al. as well as the thirty (30) days the court has ruled the petitioner be detained he believes it is meritorious that if his claims are unfounded that no doubt the court can have his body produced immediately and that the acting District Attorney or one of his representatives can surely appear to answer the interrogatories of the petitioner.

59.  The petitioner is under threat of injury being placed in a Correctional Center were he has had previous arrestees placed while being a former NYPD officer and it should be noted that during previous detentions he was placed in the General Population of the prison at which inmates mentioned that he looked familiar and further is at risk of being found incompetent by his accusers by way of the Physicians assigned to examine him while in the custody of the warden in order that they may bar the prosecution of his former attorneys for their negligent acts while assigned as his representation.

60.  The petitioner has demands that his body is produced before the court immediately and that he relies further on the sound mind of his natural mother Margo Nelson to initiate any action on his behalf that may assist in his full restoration of his good name.

61.  No doubt if the petitioners class of citizenship is not being used as a means to bar his assertions of the facts and the laws that support his cause of action then these claims presented by way of petition for a writ of Habues Corpus should be viewed as nothing less than ''Expressum Facit Cessare Tacitum'' ''**Munro v. City of Alburquerque**'', 48 N.M. 306, 150 P.2d 733, 743.

## COMPETENCE OF THE PETITIONER

62. The petitioner does assert that at all times during the course of the aforementioned actions he was fully competent.

63. The petitioner relies on his good name and his tenure as a former law enforcement official licensed by the People of the State of New York as a means to assert that if he was ever found incompetent then surely various former arrestees could then assert that they were falsely accused and then convicted as a result of his negligence.

64. In the constant attempts to find the petitioner incompetent his accusers have further jeopardized the People of the State of New York in regards to the aforesaid arrestees seeking compensatory damages against the N.Y.P.D. in regards to their having employed a mentally incompetent person to administer law on the behalf of the People.

65. Each and every CPL 730 examination conducted against the petitioner has produced that he was at all times competent and the act of detaining him only to order yet another examination can be viewed as retaliation for his claims in United States District Court for the Eastern District of New York.

66. No doubt the petitioner has always maintained his innocence in the above court docket and furthermore has submitted various exhibits and documentation that in no way can be construed on its face as hearsay based on the because many of the exhibits were created by his accusers.

67. In asserting various exhibits and documents from the petitioners open case file he asserts that his accusers have a duty to respond to his counter claims and furthermore owe it to the People of the State of New York to redress the rights of the citizens and that includes the petitioners right to due process and equal protection.

68. There is no way to find the petitioner incompetent when a representative of the People of the City of New York did agree in the 50-H examination of the petitioners natural mother Margo Nelson that City of New York Police Officers did in fact cause injury to her physical body and damage to her property when forcing entry into her home to detain the petitioner without a warrant for his arrest and across County Lines while void of all jurisdiction and this can further be proven by subpoena of the 911 call submitted to Suffolk County Police on the date of incident.

69. There is no way to construe the aforementioned fact when an attorney Juan Pablo Esq. initiated the claim on behalf of Deric Nelson and Margo Nelson against the People of the City of New York and the City of New York Police Department.

70. There is no way to construe the petitioner's knowledge of law based on the fact that he practiced in law Enforcement for over 10 years of service and was discharged in honor.

71. The petitioner's competence is further supported by way of the lack of response to a point for point rebuttal of an Affidavit In Response to the Memorandum of his former attorney Damien Brown et al. and Damien Matthew Brown's failure to redress the matters before the court.

## CONCLUSION

72. TIMELINESS OF PETITION: a ruling was issued October 2, 2013 in regards to a previous request for petition for writ of Habeus Corpus in these matters by the Hon. Kiyo A. Matsumoto of United States District Court Eastern District Of New York at which point the petitioners request was denied and dismissed without prejudice on the grounds of **younger abstention.** Based upon the petitioner having been released from detention prior to the time of the previous ruling it should be well settled that his current detention in Otis Bantum Correctional Center in meritorious.

73. It is imperative that the petitioner reasserts his claims as he has been detained by a ruling of the acting Judge Joel M. Goldberg on December 18, 2013 at which point the CPL 730 examiner Dr. Michael Fuller testified by way of subpoena that the petitioner was fully competent at all times and furthermore that the act of having Dr. Fuller take the stand produced that the acting Judge Joel M. Goldberg asserted that the petitioner is guilty of the crimes he is alleged to have committed.

74. The acting Judge in no way admitted that he was present at the time of the incident charged against the petitioner nor should he as an acting Judge have asserted the petitioner was guilty being that his rulings should be impartial and fair. As previously stated this was after the report had already established the petitioner's competency and in direct retaliation for a negligence suit initiated by the petitioner against his former court appointed attorney John B. Stella et al.

75. The claim filed against attorney Damien Brown et al. shows plainly that Damien Matthew Brown had no rebuttals for the petitioner's claim after Judge Kiyo A. Matsumoto ruled to dismiss his memorandum and motion to dismiss and she granted him leave to respond to the petitioner's rebuttal.

76.    For the record afull rebuttal to a memorandum and motion to dismiss was served to Mr. Brown and following a pre motion conference was held at which point Mr. Brown then waived his right to redress the matter.

77.    There is no way to plausibly deny that the claim of negligence served against Damien Brown et al. and John B. Stella et al in the Federal venue should act to discharge the claims against the petitioner in regards to mistrial.  The petitioners former attorneys both failed to establish seeing his open case file while opting to proceed with a trial void of a jury of his peers and furthermore have assisted his accusers all as a result ofexhibits ''A'', ''B'', and ''C''which prove that the acting District Attorney Charles J. Hynes planned a grand jury indictment to commence on or about **seven (7)** days prior to the date of incident charged against the petitioner.

78.    Based upon the open case docket against Damien Brown et al., and the claim on file with the Office of Attorney General of New York State on behalf of Deric Nelson and Margo Nelson, the petitioner utilizes this opportunity to further exhaust his remedies within theState of New York and to seek further redress in a Federal venue if redress cannot be made by this court in regards to his current detention.  The petitioner has also pleaded that repeated attempts to find him incompetent to stand trialjeopardizes the People of the State in that he is a former member of the NYPD and has made various arrest during the course of his services that can lead to law suits being filed against the People by his former detainees.

79.    The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C § 2244(d) provides in part that: (1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
(A)    The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B)    The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
(C)    The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D)    The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.
Therefore, petitioner asks that the Court grant the following relief:or any other relief to which petitioner may be entitled.

80.    Based upon the date of the latest offense committed by the respondents the petitioner was not givendue process in the form of having the report from his examiner honored by the acting Judge Joel M. Goldberg but instead was detained as a result of his pleadings of his innocence in the open court.

81.    The previous petition and the ruling of Judge Kiyo A. Matsumoto show beyond a reason of a doubt that the petitioner by way of the attached exhibits and documentation has exhausted his remedies in having the People of the State of New York dismiss the charges against him and or have the acting District Attorney move the court into the Federal jurisdiction to answer interrogatories that he has agreed have been raised by way of his silence being acceptance and the lack thereof totally of any controversy before the court.

82.    Based on the statue of limitations given by the court and in light of the new offenses committed by the respondents the petitioner request that this opportunity to file a petition be honored without prejudice based on the facts.

83.    The petitioner is aware that he has not been sentenced nor has he been convicted but does state that he has been detained by way of a ruling of the court and seeks to have his body produced before the court in order to have the acting District Attorney redress the nature and cause of the action against him.

84.    The petitioner relies on the open record of the United States District Court for the Eastern District of New York and Damien Brown et al. sworn statement where he admitted that the petitioner had previously submitted a **Affidavit In Response to his Memorandum and motion to dismiss.**

85.    The petitioner also relies on the fact that Bernard Shafran et al. was his accuser in regards to the criminal complaint against him and further that he is acting as a witness to said complaint after using the complaint as a means to assert a claim in a civil action against the petitioner and how that civil action was ruled in his favor by way of the false statements asserted of the petitioner's guilt when he never had been convicted of the said crime.

8

86.   It should be well settled that the criminal complaint filed with the County of Kings District Attorneys racket division on April 1, 2010 by the petitioner against 467-469 Vanderbilt LLC proves beyond any reason of a doubt that his rights have been violated by various attorneys licensed by the People of the State of New York and further how his natural mother Margo Nelson was injured by City of New York Police Officers as a result of the forced entry into her home located in Suffolk County on March 5, 2012 void of any warrant in order that they may detain the petitioner.

87.   As a former law enforcement official of the State of New York the petitioner does not understand how these matters can continue to be ignored and furthermore how his accusers can construe his ability to assert law at which he has an extensive background in law enforcement.

88.   Lastly the petitioner has sought redress previously from the offices of Senator Eric Adams and Congresswoman Yvette D. Clarke.

WHEREFORE, I DEMAND this petition is honored within **seventy-two (72) hours** of receipt based on the foregoing. Dated December 29, 2013.

I Am: _Deric Nelson_ - All Rights Reserved Without Prejudice.

DERIC NELSON

P.O. BOX 654

HICKSVILLE NY 11801


**Attachments**: Response from Damien Brown et al. (**CV-13-3446**)

Exhibits mainly"**A**", "**B**", and "**C**" (**Grand jury hearing planned seven days before incident**)

Proof of Claim Margo Nelson and Deric Nelson (**City of New York Office of the Comptroller and Office of the Attorney General of New York State**)


**CC:** New York City Department of Corrections

Dora B. Schriro (Commissioner)

75-20 Astoria Blvd

East Elmhurst, NY 11370


Otis Bantum Correctional Center (OBCC)

Thomas Hall (Warden)

16-00 Hazen Street

East Elmhurst, NY 11370


Appellate Division

Hon. Randall T. Eng

Second Judicial Department

54 Monroe Place

Brooklyn N.Y. 11201


Appellate Division

Hon. Luis A. Gonzales

First Judicial Department

27 Madison Avenue

New York, NY 10010

Appellate Division
Susanna Molina Rojas (Clerk of the Court)
First Judicial Department
27 Madison Avenue
New York, NY 10010

New York State Court of Appeals
Chief Judge Jonathan Lippman
20 Eagle Street
Albany, New York 12207

United States District Court Eastern District of New York
Chief Judge Carol Bagley Amon
225 Cadman Plaza East
Brooklyn NY 11201

United States District Court Eastern District of New York
Hon. Kiyo A. Matsumoto
225 Cadman Plaza East
Brooklyn NY 11201

County of Kings District Attorney's Office
Acting District Attorney Charles J. Hynes
350 Jay Street
Brooklyn NY 11201

Under Penalties of perjury, I swear that the foregoing *document is true, correct and complete* to the best of my knowledge.


I  AM: ~~Deric Nelson~~   -All Rights Reserved without Prejudice
                Deric Nelson

        Hicksville Post Office
        P.O. Box 654
        Hicksville NY 11802


sworn to before me on this
19   day of November , 2013


NOTARY PUBLIC

AMARISH N. KACHHY
Notary Public, State of New York
No. 4843196 Qualified in Suffolk County
Commission Expires: March 15, 7/10/15

Exhibit A

# New York State Unified Court System

## WebCrims

## Case Details - Summary

### CASE INFORMATION
Court:          **Kings Supreme Court - Criminal Term**
Case #:         **00046-2010**
Defendant:      **Nelson, Deric B**

### Defendant
Name:           **Nelson, Deric B**
Birth Year:     **1970**
NYSID:          **6922876Y**

### Incident and Arrest
**Incident**
Date:           **November 5, 2009**
CJTN:           **63950337H**
**Arrest**
Date & Time:    **December 28, 2009 15:25**
Arrest #:       **K09720135**
**Officer**
Agency:         **NYPD**
Command:        **84**

### Attorney Information
**Defense Attorney**
Name:           **Brown,**
Type:           **18B (Assigned)**
Court Date:     **January 28, 2013**
Court Part:     **50**
Phone:          **000 - 000 - 0000**
**Assistant District Attorney**
No Information on File

### Next Appearance
Date:           **March 25, 2013**
Court:          **Kings Supreme Court - Criminal Term**
Judge:          **Donnelly, A M**
Part:           **TAP**

### Docket Sentence
**No Sentence Information on File**

Exhibit B



**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**

This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document.

2009103100063001002E263B

| RECORDING AND ENDORSEMENT COVER PAGE | PAGE 1 OF 4 |
|---|---|

**Document ID:** 2009103100063001     Document Date: 01-21-2004     Preparation Date: 11-05-2009
Document Type: DEED
Document Page Count: 2

| PRESENTER: | RETURN TO: |
|---|---|
| DERIC NELSON | DERIC NELSON |
| 55 SOUTH 25TH STREET | 55 SOUTH 25TH STREET |
| WYANDANCE, NY 11798 | WYANDANCE, NY 11798 |

## PROPERTY DATA

| Borough | Block | Lot | | Unit | Address |
|---|---|---|---|---|---|
| BROOKLYN | 1960 | 1101 | Entire Lot | P1 | 467-469 VANDERBILT AVE |
| | Property Type: | PARKING SPACE | | | |
| Borough | Block | Lot | | Unit | Address |
| BROOKLYN | 1960 | 1102 | Entire Lot | 1 | 467-469 VANDERBILT AVE |
| | Property Type: | COMMERCIAL CONDO UNIT(S) | | | |

x  Additional Properties on Continuation Page

## CROSS REFERENCE DATA

CRFN_____  *or* Document ID_____  *or*  ____ Year____  Reel ____  Page _____  *or*  File Number_____

## PARTIES

| GRANTOR/SELLER: | GRANTEE/BUYER: |
|---|---|
| DERIC B. NELSON | DERIC B. NELSON |
| 55 SOUTH 25TH STREET | 55 SOUTH 25TH STREET |
| WYANDANCH, NY 11798 | WYANDANCH, NY 11798 |

## FEES AND TAXES

| Mortgage | | | | Filing Fee: | | |
|---|---|---|---|---|---|---|
| Mortgage Amount: | $ | 0.00 | | | $ | 250.00 |
| Taxable Mortgage Amount: | $ | 0.00 | | NYC Real Property Transfer Tax: | | |
| Exemption: | | | | | $ | 0.00 |
| TAXES: County (Basic): | $ | 0.00 | | NYS Real Estate Transfer Tax: | | |
| City (Additional): | $ | 0.00 | | | $ | 0.00 |
| Spec (Additional): | $ | 0.00 | | | | |
| TASF: | $ | 0.00 | | | | |
| MTA: | $ | 0.00 | | | | |
| NYCTA: | $ | 0.00 | | | | |
| Additional MRT: | $ | 0.00 | | | | |
| TOTAL: | $ | 0.00 | | | | |
| Recording Fee: | $ | 74.00 | | | | |
| Affidavit Fee: | $ | 0.00 | | | | |

**RECORDED OR FILED IN THE OFFICE OF THE CITY REGISTER OF THE CITY OF NEW YORK**

Recorded/Filed          11-27-2009 10:47
City Register File No.(CRFN):
                    2009000389261

*Annette M. Hill*

*City Register Official Signature*

Exhibit C



OFFICE OF THE DISTRICT ATTORNEY, KINGS COUNTY

RENAISSANCE PLAZA at 350 JAY STREET
BROOKLYN, N.Y. 11201-2908
(718)-250-2000

CHARLES J. HYNES
*District Attorney*

# CRIMINAL PROCEDURE LAW § 190.50 NOTICE TO THE DEFENDANT AND DEFENDANT'S ATTORNEY

Pursuant to Criminal Procedure Law Section 190.50 (5) (a), notice is hereby given that the criminal charges pending against the defendant and upon which he/she has been arraigned will be submitted to the Grand Jury prior to its disposition in the Criminal Court.

If the defendant wishes to exercise the right to appear before the Grand Jury as a witness in his/her own behalf, a written notice, specifying the defendant's name, docket number, an address to which communications may be sent, indicating the desire to testify before the Grand Jury, must be served upon:

> **Charles J. Hynes**
> **District Attorney**
> **GRAND JURY BUREAU**
> **350 Jay Street**
> **Brooklyn, New York 11201**
> **Attn: Grand Jury Bureau Clerk's Office**

Alternatively, this written notice may be faxed to the Grand Jury Bureau at 718- 250 - 2906. The People do not consent to notice by fax to any other telephone number.

## The defendant is scheduled to testify on __10/31/09__ (180.80 date).

The attorney for an incarcerated defendant, who desires to exercise the right to testify before the Grand Jury, is required to appear on the **16th floor at 320 Jay Street** prior to 5:00 p.m. to provide such testimony on the above date. Preparation of defendant's testimony before the Grand Jury must be done prior to 5 p.m.

If the defendant is incarcerated and wishes to waive the requirements under C.P.L. § 180.80 and testify on an alternative date, the Grand Jury Bureau must be contacted to determine an alternative date acceptable to the People and within the term of the Grand Jury.

If the defendant is not incarcerated on the above date, be advised that if the defendant does not testify on the above date you will be notified of a future date for the defendant's testimony before the Grand Jury. The notification will be to the defendant's attorney of record who will be given an appointment, on three days notice, of the date and time to appear at the Grand Jury. It is the responsibility of the defendant and his/her attorney to remain in contact so that the appointment can be satisfied. Failure to appear at the date

Pursuant to Criminal Procedure Law Section 190.50 (5) (a), notice is hereby given that the criminal charges pending against the defendant and upon which he/she has been arraigned will be submitted to the Grand Jury prior to its disposition in the Criminal Court.

If the defendant wishes to exercise the right to appear before the Grand Jury as a witness in his/her own behalf, a written notice, specifying the defendant's name, docket number, an address to which communications may be sent, indicating the desire to testify before the Grand Jury, must be served upon:

**Charles J. Hynes**
**District Attorney**
**GRAND JURY BUREAU**
**350 Jay Street**
**Brooklyn, New York 11201**
**Attn:  Grand Jury Bureau Clerk's Office**

Alternatively, this written notice may be faxed to the Grand Jury Bureau at 718- 250 - 2906.  The People do not consent to notice by fax to any other telephone number.

## The defendant is scheduled to testify on _10/31/09_ (180.80 date).

The attorney for an incarcerated defendant, who desires to exercise the right to testify before the Grand Jury, is required to appear on the **16th floor at 320 Jay Street** prior to 5:00 p.m. to provide such testimony on the above date.  Preparation of defendant's testimony before the Grand Jury must be done prior to 5 p.m.

If the defendant is incarcerated and wishes to waive the requirements under C.P.L. § 180.80 and testify on an alternative date, the Grand Jury Bureau must be contacted to determine an alternative date acceptable to the People and within the term of the Grand Jury.

If the defendant is not incarcerated on the above date, be advised that if the defendant does not testify on the above date you will be notified of a future date for the defendant's testimony before the Grand Jury.  The notification will be to the defendant's attorney of record who will be given an appointment, on three days notice, of the date and time to appear at the Grand Jury.  It is the responsibility of the defendant and his/her attorney to remain in contact so that the appointment can be satisfied.  Failure to appear at the date and time of the appointment will be considered a waiver of the defendant's right to testify.

Charles J. Hynes
District Attorney, Kings County

Dated: _10/29/09_

CR-7 Rev 10/09

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**
------------------------------------------------------------------------X

In the Matter of the Claim of Margo Nelson

       2012 JUN -5  PM 3: 52

-against-

    CENTRAL IMAGING FACILITY
    BUR. INFORMATION SYSTEM

**NOTICE OF CLAIM**

          **Case #:**

The City of New York,
The New York City Police Department,
Raymond W. Kelly, Police Commissioner of the City of New York.
------------------------------------------------------------------------X

TO:    **The City of New York**
TO:    **The New York City Police Department**
TO:    **Raymond W. Kelly, Police Commissioner of the City of New York.**

      **PLEASE TAKE NOTICE** that the undersigned Plaintiff makes claim and demands the following:

    1.    **The name and post-office address of the claimant:** MARGO NELSON, 55 South 25TH Street, Wyandanch, N.Y. 11798. Plaintiff's attorney is JUAN PABLO VEGAROMERO, ESQ., 3604 Broadway, suite No. 1, New York, NY 10031, Phone: (212) 939-9539, Cell: (646) 228-3676, Fax: (212) 939-9533

    2.    **The nature of the claim:** Plaintiff, MARGO NELSON, brings claims of battery, causing permanent physical and emotional harm; negligent infliction of emotional distress; intentional infliction of emotional distress; malicious abuse of process; abuse of process negligent hiring and retention; and, negligent training and supervision.

    3.    **The time, place, manner in which the claim arose:** On March 5, 2012, between the hours of 7:30 a.m. and 8:30 a.m., Defendants, while attempting to forcibly enter Plaintiff, MARGO NELSON's home, violently pushed Plaintiff, causing a fracture of her metatarsal in her right foot, while also damaging her windows and door.

    4.    **Plaintiff's damaged and injuries incurred:** Permanent and irreparable mental and physical damage to Plaintiff's person.

1

**Damages:**     $5,000,000.00

**THEREFORE,** the undersigned claimant presents this claims for adjustment and payment. You are hereby notified that unless it is adjusted and paid within the time provided by law from the date of presentation to you, the claimant intends to commence an action on the above claims.

**Dated:** New York, New York
May 22nd 2012

_____
Signature of Claimant

Margo Nelson
Print Name of Claimant

### TO BE COMPLETED BY NOTARY PUBLIC

STATE OF NEW YORK      )
                       )    ss.:
COUNTY OF NEW YORK     )

On the 22nd day of May _____, 2012, before me came and appeared Margo Nelson who was the person who executed this Notice of Claim and who acknowledged to me that he/she executed the same.

_____
Notary Public Signature

Dawn M Florio
Notary Public Print Name

DAWN M. FLORIO
Notary Public, State of New York
No. 02FL6192696
Qualified in New York County
Commission Expires September 2, 2012

2

4.    **The time, place, manner in which the 2nd claim arose:** Mr. Nelson has been injured by so-called "box handcuffs" used in transporting him to and from court ever since his arrest on March 5, 2012, to the present, causing him to suffer agonizing pain and permanent physical injuries.

5.    **Plaintiff's items damaged and injuries incurred:** Permanent and irreparable physical and mental damage to plaintiff's person.

**Damages:** $5,000,000.00

**THEREFORE,** the undersigned claimant presents these claims for adjustment and payment. You are hereby notified that unless it is adjusted and paid within the time provided by law from the date of presentation to you, the claimant intends to commence an action on the above claims.

**DATED:** New York, New York
June 4th 2012

_Deric Nelson_
Signature of Claimant

_Deric Nelson_
Print Name of Claimant

TO BE COMPLETED BY NOTARY PUBLIC

STATE OF NEW YORK        )
                         )  ss.:
COUNTY OF NEW YORK       )

On the 5th day of June, 2012 before me came and appeared Deric Nelson who was the person who executed this Notice of Claim and who acknowledged to me that he/she executed the same.

_Dawn M Florio_
Notary Public Signature

_Dawn M Florio_
**DAWN M. FLORIO**
**Notary Public, State of New York**
No. 02FL6192696
Qualified in New York County
Commission Expires September 2, 2012

2



STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

ERIC T. SCHNEIDERMAN
ATTORNEY GENERAL

DIVISION OF CRIMINAL JUSTICE
PUBLIC INTEGRITY BUREAU

May 22, 2012

Ms. Margo Nelson
55 South 25th Street
Wyandanch, New York 11798

RE: Complaint # 12-0983

Dear Ms. Nelson:

On behalf of Attorney General Eric T. Schneiderman, I thank you for the information you provided to our office dated May 14, 2012.

The Public Integrity Bureau has carefully reviewed your correspondence and has determined that your complaint does not warrant action by this office at this time.

Please be advised that this Office does not provide legal opinions nor represent individuals.  If you believe that you may have an individual claim, you may wish to consult a private attorney.  Your local bar association provides attorney referrals.  *__Please note__*: *__The complaint you have filed with this Office has no effect on any statute of limitations filing deadlines that might apply to your claim.__*  By filing a complaint with this Office, you have not initiated a lawsuit or a proceeding, nor has this Office initiated a lawsuit or a proceeding on your behalf.

Thank you again for bringing this matter to our attention.

Very truly yours,

Public Integrity Bureau





### THE CITY OF NEW YORK OFFICE OF THE COMPTROLLER
1 CENTRE STREET, NEW YORK, N.Y. 10007-2341

John C. Liu
**COMPTROLLER**

Date: 07/05/2012

### NOTICE OF 50-H HEARING

015 - 280

JUAN PABLO VEGAROMERO ESQ
3604 BROADWAY
NEW YORK, NY 10031

Re: Claimant Name : MARGO  NELSON
Claim Number: 2012PI014570

Dear Sir / Madam:

Please take notice that, pursuant to Section 50-h of the General Municipal Law (GML), claimant is mandated by law to appear at the following location, at the date and time specified below, to be orally examined under oath relative to the occurrence and extent of injuries for which the above claim is made:

Date of Hearing: 07/31/2012
Time of Hearing: 03:00 PM

Location of Hearing: GORDON & SILBER, PC
355 LEXINGTON AVE 7FL
NEW YORK, NY 10017
212-834-0600

Please note that all infant claimants must appear.

The claimant should be accompanied by his/her attorney.  Claimant is further mandated, pursuant to Section 93(d) of the New York City Charter and Section 50-h of the GML, to present him/herself for a physical examination at a date and location to be provided under separate cover.

**Please note that, one week and then again one day prior to the hearing, you will be called by the law office above to confirm the date and time of the hearing. At that time you can request a language translator for your client, if necessary. <u>If you confirm the hearing date during the final confirmation call and you and/or the claimant subsequently fail to appear for the hearing, you will be charged for any legal, translator and/or stenographic fees that the City incurs.</u>**

# Damien M. Brown
ATTORNEY AT LAW

26 Court Street, Suite 808
Brooklyn, NY 11242
OFFICE (718) 596-0025 . FACSIMILE (718) 596-6311
brownesquireggmail.com

October 23, 2013

United States District Court
Eastern District of New York
Magistrate Judge Matusumoto
225 Cadman Plaza
Brooklyn, New York 11201

Re: *Nelson v. Brown*
1:13cv03446

Dear Honorable Judge Matsumoto:

I am the named defendant in connection with the above-mentioned matter.

As per the pre-motion conference call held a on October 21, 2013, please be advised that at this time, I will not be responding to the Plainiff s Affidavit in Response to Memorandum.

I thank you in advance for your consideration in this matter.

Sincerely,

Damien M. Brown

cc: dericnelly@yahoo.com

Eastern District of New York - Live Database Version 5.1.1                                   10/23/13 11:04 AM

## Other Documents
### 1:13-cv-03446-KAM-MDG Nelson v. Brown

N PROSE

## U.S. District Court

## Eastern District of New York

## Notice of Electronic Filing

The following transaction was entered by Brown, Damien on 10/23/2013 at 11:04 AM EDT and filed on 1.0123/2013

Case Name:        Nelson v. Brown
**Case Number:**    :13-cv-03446-KAM.-MDG
**Filer:**          Damien Brown
**Document Number:** 19

**Docket Text:**
**Letter by Damien Brown (Brown, Damien)**

**1:13-cv-03446-KAM-MDG Notice has been electronically mailed to:**

Damien Matthew Brown brownesquire@gmail.com

**1:13-cv-03446-KAM-MDG Notice will not be electronically mailed to:**

Deric Nelson
P.O. Box 654
Hicksville, NY 11802

The following document(s) are associated with this transaction:

**Document description:Main** Document
**Original filename:n/a**
Electronic document Stamp:
[ STAMP NYEDStamp_ID 875559751 I Date=1 0/23120 1 31 ¡FileNumber=8215025-01
[801336e354537ce2ed8fb8440ea570a71f438031 19828a79bc7168a13dfeec4e9f9
34d725a7c192910375903aaeaca76e4d69576eb54e2173e9d5ca6b06592d1]