UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------X

DERIC NELSON,  **MEMORANDUM & ORDER**
 13-CV-3446 (KAM) (MDG)

           Plaintiff,

    -against-

DAMIEN BROWN,

           Defendant.

-------------------------------------X

**MATSUMOTO, United States District Judge:**

        On June 18th, 2013, *pro se* plaintiff Deric Nelson ("plaintiff") filed this action pursuant to 42 U.S.C. § 1981 and the Trust Indenture Act of 1939, codified at 15 U.S.C. §§ 77aaa through 77bbbb, alleging that defendant Damien Brown ("defendant") violated his constitutional and statutory rights during the course of Defendant's legal representation of Plaintiff. (*See generally* ECF No. 1, Complaint filed 6/18/13 ("Compl.").) Plaintiff also asserts tort claims under state law. (*See id.* ¶¶ 110-121). Plaintiff seeks compensatory and punitive damages. (Id. ¶ 1). For the reasons set forth below, the court dismisses plaintiff's complaint in its entirety.

1

**BACKGROUND**

The following facts, taken from the complaint, are assumed to be true unless otherwise indicated.

On December 28, 2009, plaintiff was arrested and charged with Attempted Grand Larceny in the first degree, offering to file a false instrument in the first degree, and falsifying business records in the first degree in the state of New York, County of Kings.[1] *See* http://iapps.courts.state.ny.us/webcrim_ attorney, Case Number 00046-2010 (last visited 9/8/14); (ECF No. 9, Motion to Dismiss filed 9/12/13 ("Def. Mot.") at 4). During the course of his prosecution, plaintiff, proceeding *pro se*, submitted a "writ of defense" alleging that false allegations and false county documents had been "levied against him." (Compl. ¶ 48.) Defendant was appointed to represent plaintiff in his state court criminal proceedings. (*Id*. at ¶ 50.)

Plaintiff instructed defendant that he "was looking to have pre-trial hearings in order to prove beyond a reason

---

[1] Plaintiff, on his own behalf or through his family members, has previously filed four petitions in the United States District Court for the Eastern District of New York, challenging plaintiff's pre-trial detention on the same state indictment. In those prior petitions, plaintiff raised many of the same claims he brings in this federal action. The four prior petitions were each dismissed. *See Nelson v. Thompson, et al.*, No. 14-CV-3414 (KAM); *Nelson v. Hynes, et al.*, No. 12-CV-4913 (KAM); *Nelson v. Hynes, et al.*, No. 13-CV-3447 (KAM), and *Nelson v. Hynes, et al.*, No. 14-CV-603 (KAM). Plaintiff also filed a federal civil action, currently pending, against his current attorney in the pending state criminal proceeding. *See Nelson v. Stella*, 13-CV-6812 (KAM).

2

of a doubt his civil rights had been violated by various officers in the City of New York and the County of Kings during his arrest in connection with the charges against him." (*Id.* ¶ 53.) Specifically, plaintiff gave defendant a document, entitled "Constructive Notice to Attorney, Instructions for Representation for Deric Nelson," which consists of instructions to defendant regarding how to pursue plaintiff's criminal defense, and excerpts from the Model Code of Professional Responsibility.[2] (*Id.* ¶ 54; Compl., Ex. C, "Constructive Notice to Attorney" dated 4/18/13.) Plaintiff also "demanded" that defendant seek *Mapp/Dunaway*, *Huntley*, and *Sandoval* hearings, as well as a hearing to determine whether the New York state speedy trial statute had been violated. (Compl. ¶¶ 54-55.)

Defendant did not make any pre-trial motions and instead notified the state court that plaintiff was prepared to proceed with the criminal trial.[3] (*Id.* ¶ 56.) After defendant did not file any pre-trial motions, plaintiff served

---

[2] Defendant asserts that he refused to sign the Notice, but assured plaintiff that he would devote time and attention to plaintiff's case, as well as answer plaintiff's questions throughout the course of his criminal case. (ECF No. 9, Motion to Dismiss filed 9/12/13 ("Def. Mot."), at 3.)
[3] According to defendant, he did not request these hearings on plaintiff's behalf because there was no basis to hold them, as there was no property and/or evidence that was seized from plaintiff at the time of his arrest or at any time thereafter, and there were no statements or identification of the plaintiff to be introduced at trial. (Def. Mot. at 4; *see also* Compl., Ex. F, Transcript of New York State Court Criminal Proceeding, Indictment No. 0046/2010, dated 4/24/13 ("State Ct. Tr."), at 5-9.)

3

defendant with a "Notice of Dishonor and Default" because defendant's "representation [was] being used to assist [plaintiff's] accusers." (*Id.* ¶ 65; Compl., Ex. D, "Notice of Dishonor and Default" dated 4/13/13 and filed 5/13/13.) According to the plaintiff, "numerous attempts" were made to "sit down" with defendant "to discuss strategies in having his rights honored," but these attempts were unsuccessful as defendant was in "a conspiracy to conceal securities fraud and not be liable to the plaintiff's accusers as a [sic] attorney licensed in the State of New York." (Compl. ¶ 73.)

Although hardly a model of clarity, plaintiff's complaint appears to allege that defendant, by failing to honor plaintiff's "Constructive Notice to Attorney" instructions, violated plaintiff's civil and constitutional rights under the Fourth Amendment, Eighth Amendment, Fourteenth Amendment, and 42 U.S.C. §§ 1981 and 1983; and conspired to violate plaintiff's constitutional rights under the Trust Indenture Act ("TIA"), codified at 15 U.S.C. §§ 77aaa through 77bbb. (Compl. at 9-13.) Plaintiff also raises various state law claims, including claims of unreasonable seizure, negligence, intentional infliction of emotional distress, and negligent infliction of emotional distress. (Compl. at 13-14.)

Defendant now moves to dismiss the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). (*See* ECF No. 9, Motion to Dismiss filed 9/12/13 ("Def. Mot."); ECF No. 15, Plaintiff's Omnibus Motion filed 9/26/13 ("Pl. Opp."); ECF No. 16, Plaintiff's Affidavit in Response to Motion to Dismiss filed 9/26/13 ("Pl. Br.")[4].)

## DISCUSSION

### I. Standard of Review

In reviewing plaintiff's complaint, the court is mindful that the submissions of a *pro se* litigant must be construed liberally and interpreted "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006). Nonetheless, a court "should not hesitate to dismiss a *pro se* complaint if it fails altogether to satisfy the pleading standard." *Henry v. Davis*, No. 10 Civ. 7575, 2011 WL 3295986, at *2 n.5 (S.D.N.Y. Aug. 1, 2011). Under Federal Rule of Civil Procedure 12(b)(6), to survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state

---

[4] By order dated October 21, 2013, following a telephonic conference with both parties, the court deemed plaintiff's "Omnibus Motion" and "Affidavit in Response to Memorandum in Opposition to Motion to Dismiss" to constitute plaintiff's response to defendant's motion to dismiss. (Minute Order dated 10/21/13.) Defendant did not file a reply. (*See* ECF No. 19, Def. Letter filed 10/23/13.)

5

a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted); Fed. R. Civ. P. 12(b)(6). A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Under this standard, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal quotations omitted).

## II. First and Second Causes of Action: Violations of Civil Rights Under § 1981

Plaintiff first alleges that as a "direct and proximate result" of defendant's actions, he was "deprived of rights, privileges, and immunities secured to him under the Constitution and the laws of the state of New York and the United States" including the "Fourth, Eighth, and Fourteenth Amendments of the United States Constitution and 42 U.S.C. Section 1981 in regards to contracts." (Compl. ¶ 82.) The Fourth Amendment protects "the right of people to be secure in their persons" and protects against "unreasonable searches and seizures." U.S. Const. amend. IV. Plaintiffs wishing to seek civil damages for a Fourth Amendment violation bring may bring

6

claims, pursuant to 42 U.S.C. § 1983, against the state actors acting under color of state law who are allegedly directly responsible for the constitutional violation.  *See Brower v. Cnty. of Inyo*, 489 U.S. 593, 599 (1989) (unreasonable seizure in violation of the Fourth Amendment gives rise to § 1983 liability); *Carpenter v. City of New York*, 984 F. Supp. 2d 255, 263 (S.D.N.Y. 2013).

The Eighth Amendment protects against the infliction of "cruel and unusual punishment."  U.S. CONST. amend. VIII.  To "establish civil liability for a violation of the conditions of confinement under the Eighth Amendment, a § 1983 plaintiff must demonstrate that (1) the conditions were so serious that they constituted a denial of the 'minimal civilized measure of life's necessities,' and (2) the prison officials acted with 'deliberate indifference.'" *Simmons v. Nalley*, No. 03-CV-1093, 2009 WL 3199552, at *10 (N.D.N.Y. Sept. 30, 2009) (quoting *Wilson v. Seiter,* 501 U.S. 294, 297– 99 (1991)); *see also Phelps v. Kapnolas*, 308 F.3d 180, 185 (2d Cir. 2002).

Here, liberally construing plaintiff's constitutional claims against defendant as arising under 42 U.S.C. § 1983, plaintiff fails to state a claim.  First, it is well established that "court-appointed attorneys performing a

lawyer's traditional functions as counsel to defendant do not act 'under color of state law' and therefore are not subject to suit under 42 U.S.C. § 1983." *Rodriguez v. Weprin*, 116 F.3d 62, 65-66 (2d Cir. 1997) (citing *Housand v. Heiman*, 594 F.2d 923, 924-25 (2d Cir. 1979) (per curiam)). Here, defendant was appointed by the New York state court to defend plaintiff in his criminal proceeding and, thus, is not a state actor for purposes of § 1983.[5]

Second, even if defendant were a state actor who could be held liable under § 1983, plaintiff fails to state a plausible claim that his Eighth Amendment or Fourth Amendment rights were violated at all, let alone violated by defendant. Plaintiff attempts to connect defendant to the alleged constitutional violations, by claiming that defendant "allowed a conspiracy to take place without consequence," and engaged "in systematic and ubiquitous perjury . . . to cover up constitutional and state law violations committed against civilians by him or fellow officers, and/or superiors." (Compl. ¶ 87.) Plaintiff, however, offers no specific factual

---

5  In addition, "the United States Constitution regulates only the Government, not private parties." *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002). Thus, plaintiff cannot state a claim for an Eighth Amendment or Fourth Amendment violation without alleging additional facts, lacking here, that would establish that defendant's conduct constituted state action. *Id.* Plaintiff's conclusory allegations of a conspiracy (*see* Compl. at 10) lack the specificity required to state a constitutional claim against a private party.

allegations regarding any search or seizure committed by the defendant, does not specify what "punishment" occurred, and fails to allege that defendant was in any way responsible for or indifferent to any "punishment" inflicted upon plaintiff. Thus, plaintiff's claims alleging violations of his Eighth and Fourth Amendment constitutional rights are dismissed for failure to state a claim.

Furthermore, the court finds that plaintiff's claim arising under § 1981 is similarly meritless. Title 42 U.S.C. § 1981 "protects the equal right of all persons within the jurisdiction of the United States to make and enforce contracts without respect to race." *Underdog Trucking, L.L.C. v. Cellco P'ship*, 514 F. App'x 31, 32 (2d Cir. 2013) (internal quotations omitted). Under § 1981, "a plaintiff is entitled to relief 'when racial discrimination blocks the creation of a contractual relationship, as well as when racial discrimination impairs an existing contractual relationship.'" *Underdog*, 514 F. App'x at 32 (quoting *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006)). To successfully state a claim under § 1981, a plaintiff must allege that the defendant's actions "were purposefully discriminatory and racially motivated." *Yusuf v. Vassar Coll.*, 827 F. Supp. 952, 955 (S.D.N.Y. 1993), *rev'd in part on other grounds*, 35 F.3d

709 (2d Cir. 1994). A complaint that consists "of nothing more than naked assertions, and setting forth no facts upon which a court could find a violation of the Civil Rights Acts, fails to state a claim under Rule 12(b)(6)." *Martin v. N.Y.S. Dep't of Mental Hygiene*, 588 F.2d 371, 372 (2d Cir. 1978) (citation omitted). To survive a motion to dismiss under Rule 12(b)(6), "the events of the intentional and purposeful discrimination, as well as the racial animus constituting the motivating factor for the defendant's actions must be specifically pleaded in the complaint." *Yusuf*, 827 F. Supp. at 955.

Here, plaintiff has not alleged facts supporting a prima face case of a violation under § 1981. While it is true that plaintiff, as an African American (*see* Compl. ¶ 47), is a member of a protected class, it is unclear from plaintiff's complaint whether and how the plaintiff was impaired by the defendant in the making or enforcement of a contract. Plaintiff's § 1981 claim appears to be based largely on the plaintiff's "Constructive Notice to Attorney" document that defendant did not agree to. Even assuming, *arguendo*, that such a document could constitute a contract and that the parties agreed to it, plaintiff fails on the third prong of the prima facie test, as he pleads no plausible facts

supporting any inference that defendant impaired the making or enforcing of any contract due to racial discrimination.

Plaintiff's complaint alleging racial discrimination is wholly conclusory, and lacks specific factual allegations. Plaintiff alleges that the defendant's law offices "established a custom, policy and/or practice of encouraging, approving and/or tolerating the County of Kings use of excessive force and acts of misconduct against civilians, especially those civilians who are of African American descent and of a different religious faith." (Compl. ¶ 88.) Plaintiff alleges that defendant was "deliberately indifferent" to improper detention procedures by police officers, "especially [the detention and arrest of] those civilians of African American descent." (Compl. ¶ 89.)

Thus, plaintiff fails to allege any specific facts that would make his § 1981 claim remotely plausible. Plaintiff offers no factual allegations to allow the court to infer that defendant's failure to pursue certain pre-trial hearings, the subject of the "Constructive Notice to Attorney," was at all caused or motivated by racial discrimination. In addition, although plaintiff alleges in conclusory fashion that defendant's law practice routinely discriminates against African American civilians, plaintiff

offers no facts to support this assertion. Moreover, even assuming plaintiff's allegations are true, as the court does for purposes of deciding this motion, they simply do not relate to any alleged contract between plaintiff and defendant. Because plaintiff fails to plead any specific factual allegations relating to the racially-motivated impairment of a contract between plaintiff and defendant, the court dismisses plaintiff's cause of action under § 1981.

**III. Plaintiff's Third Cause of Action: the Trust Indenture Act**

Plaintiff's third cause of action arises under the Trust Indenture Act ("TIA"). Plaintiff alleges defendant "is liable under 15 U.S.C. §§ 77aaa through 15 U.S.C. §§ 77bbbb for conspiring to violate claimant's rights." (Compl. at ¶ 101.) Plaintiff seeks relief under § 77ppp, which provides in part that "the right of any holder of any indenture security to receive payment of the principal of and interest on such indenture security . . . shall not be impaired or affected without the consent of such holder, except as to a postponement of an interest payment consented to as provided in paragraph (2) of subsection (a) of this section."[6] (Compl. ¶¶ 4-5.)

---

[6] Plaintiff relies on statutory provision § 77ppp(b), but attributes the quoted language to § 316(b) of the TIA. (*See* Compl. ¶ 4-5); 15 U.S.C. § 77ppp(b).

12

The TIA was "enacted because previous abuses by indenture trustees had adversely affected the national public interest and the interest of investors in notes, bonds and debentures." *Bluebird Partners, L.P. v. First Fid. Bank, N.A. New Jersey*, 85 F.3d 970, 974 (2d Cir. 1996) (internal quotations and alteration omitted.) Therefore, "[t]he Act is "designed to vindicate a federal policy of protecting investors." *Id.* Additionally, "Section 316(b) ... proscribes certain ... majority action clauses ... [and] expressly prohibits use of an indenture that permits modification by majority security holder vote of any core term of the indenture, *i.e.*, one affecting a security holder's right to receive payment of the principal of or interest on the indenture security." *In re Bd. of Dirs. of Multicanal S.A.*, 307 B.R. 384, 388-89 (Bankr. S.D.N.Y. 2004) (internal quotations omitted). Thus, the TIA concerns indenture trustees, investors, and prohibiting improper clauses in indentures.

Here, plaintiff has alleged no facts supporting his cause of action under the TIA. Neither plaintiff nor defendant is an indenture trustee of the other, and the plaintiff alleges no facts establishing that he falls within the scope of protected investors contemplated by the statute.

Rather, plaintiff was proceeding to trial on various criminal charges, and defendant was his court-appointed lawyer. Additionally, plaintiff has not alleged any facts regarding majority action clauses, improper use of an indenture, or evidence of any indenture whatsoever. In light of the failure of plaintiff to allege any facts supporting his claim under the TIA, the court must dismiss this claim.[7]

**IV. State Law Claims**

Plaintiff also raises several state law claims. (*See* Compl. at 13-14.)  Under 28 U.S.C. § 1367, which governs a federal court's exercise of supplemental jurisdiction, "[t]he district court may decline to exercise supplemental jurisdiction over a claim . . . [if] the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).  Here, plaintiff's federal law claims are dismissed for failure to state a claim under Rule 12(b)(6).  Even assuming there is only a remote possibility that plaintiff could succeed on the merits of his state law claims, the court, in its discretion, declines to exercise supplemental jurisdiction over plaintiff's state law claims. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)

---

[7] Plaintiff previously raised claims under the TIA in his prior petitions before this court.  Those claims were also dismissed. *See Nelson v. Hynes, et al.*, No. 13-CV-3447 (KAM), 2013 WL 5502901 (E.D.N.Y. Oct. 2, 2013); *Nelson v. Thompson, et al.*, No. 14-CV-3414 (KAM), 2014 WL 3882322 (E.D.N.Y. Aug. 7, 2014).

14

("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors [of judicial economy, convenience, fairness, and comity] will point toward declining to exercise jurisdiction over the remaining state-law claims."); *see also Warrne v. Fischl*, 33 F. Supp. 2d. 171, 178 (E.D.N.Y. 1999) (declining to exercise supplemental jurisdiction over state law legal malpractice claim where federal claims were dismissed under Rule 12(b)(6)). Accordingly, plaintiff's state law claims are dismissed.

**V. Futility of Amendment**

The court declines to grant leave to plaintiff to replead his claims, given that doing so would be futile for the reasons stated herein. *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (citing *Foman v. Davis*, 371 U>S. 178, 182 (1962)) (leave to amend may properly be denied for futility of amendment); *In re American Exp. Co. Shareholder Litig.*, 39 F.3d 395, 402 (2d Cir. 1994) (affirming district court's denial of leave to amend complaint where it was not apparent plaintiffs could plead facts to state sufficient allegation of proximate injury).

## CONCLUSION

For the foregoing reasons, the court dismisses plaintiff's complaint in its entirety. Although plaintiff paid the filing fee, the court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully requested to enter judgment in favor of defendant, serve a copy of this Memorandum and Order and the judgment on *pro se* plaintiff within two days of the date of this order, and close this case.

**SO ORDERED.**

Dated: Brooklyn, New York
September 10, 2014

_____/s/_____
**KIYO A. MATSUMOTO**
United States District Judge
Eastern District of New York